**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAREN FLANAGAN, | : | |
| **Plaintiff,** | : | |
| | : | CIVIL ACTION |
| **v.** | : | NO. 25-4211 |
| | : | |
| PIERRE LE MAHN, MENAKA | : | |
| GOPINATH, AND PROJECT | : | |
| MANAGEMENT INSTITUTE, | : | |
| **Defendants.** | : | |

**Perez, J.**                                                              **March 16, 2026**

## MEMORANDUM

Plaintiff Karen Flanagan brings this age discrimination action against Project Management Institute ("PMI"), Pierre Le Mahn, and Menaka Gopinath ("Defendants") pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (ADEA) and Pennsylvania Human Relations Act, 42 P.S. § 951 *et seq.* (PHRA).  Plaintiff moves for partial summary judgment against PMI, arguing that PMI's failure to respond to her Requests for Admission entitles her to judgment as a matter of law in the amount of fifteen million dollars ($15,000,000.00).  For the reasons stated below, the Court denies Plaintiff's motion.

## I.      FACTUAL BACKGROUND

As Plaintiff's Statement of Undisputed Facts merely recites her Requests for Admission ("RFAs"), the Court will briefly explain the facts and procedural history that led the parties to their current impasse.  Plaintiff Karen Flanagan was employed with Defendant PMI from May 2014 until February 2024.  Am. Compl. ¶¶ 9–10.  She reported directly to Defendant Menaka Gopinath, Chief Marketing Officer, who in turn reported to Defendant Pierre Le Mahn, President

and CEO.  *Id.* at ¶ 11.  Over the course of a decade, Flanagan served in a number of roles at PMI, most recently as the Director of External Communications & Public Relations.  *Id.* at ¶¶ 11, 13–14.  Flanagan received praise from subordinates and high-level colleagues including Gopinath, as well as strong performance reviews.  *Id.* at ¶¶ 20–24.  In February 2024, Flanagan was allegedly fired, without warning, for two reasons: (1) employees had complained about her; and (2) PMI incurred "significant financial loss" due to Flanagan's "handling" of Ketchum, an outside vendor of PMI.  *Id.* at ¶ 29.  At the time she was fired, Flanagan was 52 years old.  *Id.* at ¶ 10.  Flanagan's replacement is approximately 20 years younger.  *Id.* at ¶ 59.  Defendants maintain that Flanagan was terminated for legitimate, non-discriminatory reasons, namely her mismanagement of Ketchum and the complaints received from subordinates about Flanagan's behavior.  Mem., PMI's Resp. to Mot. for Summ. J. 5, ECF No. 24 (hereinafter "PMI's Resp.").

On July 28, 2025, Flanagan filed a Complaint against PMI (Count I) and Gopinath and Le Mahn (Count II), asserting claims under the ADEA and PHRA.  ECF No. 1.  She amended her Complaint on July 30.  ECF No. 7.  On September 19, Le Mehn and Gopinath filed a partial Motion to Dismiss.  ECF No. 12.   On November 26, the Court granted the motion in part and denied it in part.  ECF No. 23.  The remaining claims are: (1) Age Discrimination under the ADEA and PHRA against PMI (Count I) and (2) Age Discrimination under the PHRA against Le Mahn and Gopinath (Count II).

By the time Defendants moved to dismiss this action, discovery had commenced. On August 23, 2025, before the parties could meet and confer per Federal Rule of Civil Procedure 26(f), Plaintiff's counsel served Defendants' counsel with RFAs.  *See* Ex. A 1, PMI's Resp., ECF No. 24-1. The four RFAs subject to dispute, which comprise the entirety of Plaintiff's Statement of Undisputed Facts ("SUF"), read as follows:

2

2. Plaintiff's employment at PMI was terminated because of her age which was 52 years old at the time of the termination of her employment with PMI.

3. PMI has been subject to the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* throughout Plaintiff's employment with PMI through the present.

4. PMI does not have any meritorious affirmative defense to Plaintiff's claims in this lawsuit.

5. Plaintiff is entitled to judgment in her favor against PMI in this lawsuit in the total amount of Fifteen Million US Dollars ($15,000,000.00) which includes Thirteen Million US Dollars ($13,000,000.00) for Plaintiff's claim for damages for physical illness caused by her termination.

Ex. A 6–7, Mot. Summ. J. ("MSJ"), ECF No. 21-2.

During the parties' Rule 26(f) conference on October 6, 2025, PMI stated that Plaintiff's RFAs were premature and did not require a response.  PMI's Resp. 6.  PMI repeated its position in the joint Rule 26(f) case management plan submitted to this Court on October 21.  Joint Case Mgmt. Plan ¶ 4.1, ECF No. 16.  On October 29, PMI reiterated its position in an email to Plaintiff's counsel.  Ex. B 1, PMI's Resp.  On October 31, Plaintiff stated her position that PMI's lack of response constituted an admission to the RFAs.  Ex. C 1, PMI's Resp.  Over the next month, the parties sparred over email, further reiterating their positions and exchanging legal authorities.  *See* Exs. B–F, PMI's Resp.  On November 4, twenty-nine days after the parties' Rule 26(f) conference, Defendants responded to Plaintiff's RFAs.  *See* Ex. D 1, PMI's Resp.

On November 17, 2025, Plaintiff filed her Partial Motion for Summary Judgment.  ECF No. 21.  On December 8, PMI filed a response.  ECF No. 24.  On December 15, Plaintiff filed a Reply.  ECF No. 28.  On December 8, PMI filed a Motion for Sanctions, which it withdrew on December 10.  ECF Nos. 25, 27.  On January 19, 2026, PMI refiled its Motion for Sanctions, arguing that Plaintiff filed her Partial Motion for Summary Judgment with the sole intent to burden, harass, and bully PMI.  ECF No. 32.  On February 2, Plaintiff filed a response.  ECF No. 34.

3

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence would permit a reasonable factfinder to return a verdict for the nonmoving party. *Id.* The Court must draw all factual inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In essence, the inquiry at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

The moving party has the "initial responsibility of informing the district court of the basis for its motion" and citing evidence in the record "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party may not "rely merely upon bare assertions, conclusory allegations or suspicions" to state its case against summary judgment. *Fireman's Ins. Co. of Newark*, *N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

## III.    DISCUSSION

Plaintiff argues that PMI's failure to respond to her RFAs within 30 days of service constitutes admission to the RFAs under Federal Rule of Civil Procedure 36. As Plaintiff contends, PMI has admitted, *inter alia*, that (1) PMI fired Plaintiff because of her age; (2) PMI

4

lacks any meritorious defenses; and (3) Plaintiff is entitled to $15,000,000.00.  According to Plaintiff, this entitles her to judgment against PMI as a matter of law.  According to Federal Rule of Civil Procedure 26(d)(1), she is incorrect.

### a.  Plaintiff's Requests for Admission Were Premature.

Federal Rule of Civil Procedure 36 governs Requests for Admission.  Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the [responding] party . . . serves on the requesting party a written answer or objection . . . ."  The Third Circuit has affirmed that the failure to respond to RFAs "deems" each matter "admitted," including for purposes of summary judgment.[1]

But the inquiry does not end there.  Rule 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Rule 26(d)(2) allows a party to serve Rule 34 requests for documents before the parties can meet and confer, but the Rules contain no such authorization for discovery requests under Rule 36.  Furthermore, the notes to Rule 36 provide that a defendant need not respond to RFAs served fewer than 45 days after service of the summons and complaint.  *See* Fed. R. Civ. P. 36 advisory committee's note, 1970 amend.

The purpose of Rule 36 is to narrow the issues for trial.  *Sec'y United States Dep't of Lab. v.*

---

[1] *See Sec'y United States Dep't of Lab. v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017) ("Matters deemed admitted due to a party's failure to respond to requests for admission are 'conclusively established' under Federal Rule of Civil Procedure 36(b), and may support a summary judgment motion.") (internal citation omitted); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 176 (3d Cir. 1990) ("This Court and others have held that 'deemed admissions' under Fed.R.Civ.P. 36(a) are sufficient to support orders of summary judgment."); *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013) ("Rule 36(a)(3) of the Federal Rules of Civil Procedure provides that a request for admission is deemed admitted if a party does not respond within 30 days.").

*Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017) (granting defendant's motion for summary judgment based on deemed admissions after plaintiff never responded to RFAs and never appealed the court's prior ruling that plaintiff had admitted the matters to which he failed to respond). Accordingly, in deeming matters admitted under Rule 36, the Third Circuit has noted that RFAs "typically come late in discovery, or even after discovery has been completed and trial is imminent." *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992). "Essentially, Rule 36 is a time-saver, designed to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial*." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002) (emphasis in original) (internal quotation marks omitted).

Though it does not bind the Court, *Perez* is instructive. In *Perez*, the plaintiff moved for summary judgment based on the defendant's alleged "admission" to RFAs served with the plaintiff's complaint. *Id.* at 1259. The RFAs went to core elements of the case, such as asking the county defendant in a § 1983 action to admit to a policy or custom of unreasonable deadly force. *Id.* at 1266. Vacating summary judgment for the plaintiff, the court stated:

> "[W]hen a party uses [Rule 36] to establish uncontested facts and to narrow the issues for trial, then the rule functions properly. When a party . . . uses the rule to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources."

*Id.* at 1268. Accordingly, the court rejected the plaintiff's "continued service of the same requests for admissions" after defendants had repeatedly denied the admissions in other papers. *Id.* at 1269; *see also Adelson v. Ocwen Fin. Corp.*, No. 17-1917, 2018 WL 7226966, at *9 (6th Cir. Aug. 20, 2018) ("Adelson also argues that key facts were admitted by the defendants when they failed to respond to requests for admissions, but the defendants were under no obligation to respond . . . prior to a Federal Rule of Civil Procedure 26(f) conference.").

Finally, the Third Circuit favors adjudicating cases on the merits whenever possible. *See Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982) (default judgment); *Ruckle v. Seaboard Elec. Co.*, No. CIV.A. 85-6118, 1986 WL 5920, at *1 (E.D. Pa. May 22, 1986) (citing *Farnese*, 687 F.2d at 764) (on a motion for summary judgment based on deemed admissions, explaining that "it is a very strong policy of this Circuit and the others that cases be decided on their merits whenever possible.").

From even a cursory review of the legal authorities, it is clear that Rule 26(d)(1) excuses PMI from responding to Plaintiff's RFAs. Plaintiff served her RFAs 26 days after filing her Complaint, well before the parties could meet and confer under Rule 26(f). *See* Ex. A 1, PMI's Resp. Plaintiff could have cured the issue by serving the RFAs after the Rule 26(f) conference, but Plaintiff's counsel refused to do so despite PMI's request. *See* Ex. C, PMI's Resp. Even if Rule 26 did not eclipse Plaintiff's argument, deeming the matters admitted would contravene the purpose of Rule 36. Quite unlike the non-responsive defendant in *Kwasny*, PMI repeated its position that the RFAs were premature in papers submitted to this Court as well as multiple emails to Plaintiff's counsel. *See* Joint Case Mgmt. Plan; Exs. B–F, PMI's Resp. Additionally, although Plaintiff filed the instant motion before PMI could answer the Amended Complaint, PMI's answer denied the substance of the RFAs and raised affirmative defenses. *See* Defs.' Answer, ECF No. 26. Moreover, despite having no obligation to do so, PMI responded to the RFAs within 30 days of the Rule 26(f) conference. *See* Ex. D, PMI's Resp.

Rather than elucidating the uncontested facts, the RFAs went to the heart of the case, asking PMI to forgo all affirmative defenses, admit that PMI fired Plaintiff because of her age, and admit that PMI owed her $15,000,000.00. In this sense, Plaintiff wielded Rule 36 not as a tool but as a "weapon," attempting to "[take] the wind out of defendant's sails and effectively

7

end[] the litigation." *Perez*, 297 F.3d at 1266.

### b. Plaintiff's Additional Arguments Lack Merit.

While it is clear that Defendants had no obligation to respond to the RFAs, the Court will briefly address Plaintiff's additional arguments. First, Plaintiff argues that "noting [sic] in [Rule 36] provides that a party may ignore requests that are served before a Rule 26 conference." MSJ Reply 2. Rule 26(d)(1) forecloses this argument. Second, Plaintiff argues that Rule 26 is a "claim-processing rule," which may be enforced if revoked but "waived or forfeited if not raised." *Id.* (citing *United States v. Kalb*, 891 F.3d 455, 459 (3d Cir. 2018)). Therefore, she contends, PMI waived its objection that the RFAs were premature by failing to object within 30 days of service. *Id.* This argument is unavailing. Rule 26(d)(1) relieves PMI of the obligation to respond to Plaintiff's premature RFAs. Plaintiff cannot simultaneously ignore the requirements of Rule 26 with premature RFAs and force PMI to respond to them. Finally, Plaintiff characterizes her premature discovery requests as "[c]onsistent with Rule 1's formal endorsement of the Rules being applied to secure a speedy and inexpensive determination of this action," urging the Court to read Rules 1, 26(d)(1), and 36 "*in pari materia*" (*i.e.*, construe them together). MSJ 6. However, Plaintiff has contravened the purpose of Rule 1 by filing the instant motion despite PMI's clear excusal from answering her RFAs under the Rules.

### IV.    CONCLUSION

Fifteen million dollars is a significant claim for damages that the law and this Court do not take lightly. Plaintiff contends that PMI "admitted" Plaintiff's entitlement to $15,000,000.00, including $13,000,000.00 for "physical illness." Ex. A 7, MSJ, ECF No. 21-2. Yet Plaintiff has not cited any evidence to substantiate her claim or even specified an illness from which she suffered. Nor has she submitted any undisputed facts to this Court, as is her obligation when

moving for summary judgment.  Instead, Plaintiff's motion rests on RFAs to which PMI had no obligation to respond.  Using RFAs as a "gotcha" tactic rather than a means to streamline the issues for trial frustrates the purpose of pretrial discovery.  Counsel's discovery and motions practice leads to the inescapable conclusion that Plaintiff's counsel has wielded Rule 36 "with the wild eyed-hope that [PMI] would fail to answer and therefore admit essential elements" that it has already denied.  *Perez*, 297 F.3d at 1268.

Plaintiff contends that PMI violated its "affirmative obligation under Rule 36 to respond to the Requests."  MSJ 6.  Such a position demonstrates that Plaintiff's counsel violated his obligation to read the Federal Rules of Civil Procedure.  A cursory reading of Rule 26 would have revealed that Plaintiff could not serve RFAs before the parties' Rule 26(f) conference without a court order or stipulation.  This lapse in diligence has obligated PMI to expend valuable time and resources to oppose this motion and has obligated this Court to expend its limited resources on resolving it.  Before trial, counsel should review the Federal Rules of Civil Procedure thoroughly, fairly, and with discernment for each rule's effect on the others. Litigants may not select the rules that provide them an advantage while disavowing the rules that impose a limitation.  With concern for the abuse of discovery, the Court denies Plaintiff's motion for summary judgment.